## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

—————————————————————

**ANTONIO GREGORY BROOKS,**    )
                                            )
      **Plaintiff,**    )
                                            )
        **v.**    )      **Case No. 24-cv-2259 (APM)**
                                            )
**DEPARTMENT OF THE ARMY,**    )
                                            )
      **Defendant.**    )

—————————————————————

## <u>ORDER</u>

On December 11, 2024, the court entered a Minute Order granting Defendant's Unopposed Motion for Extension of Time to Respond to the Complaint, ECF No. 11, and directing Defendant to file a response to the Complaint by January 13, 2025. The following day, Plaintiff filed a Response ("Resp."), ECF No. 12, expressing various concerns.

First, Plaintiff indicates that he has had some difficulties, as a layperson, accessing and using CM/ECF, which he attributes to potential alleged interference by Defendant or other federal agencies. *See* Resp. at 1–3, 6, 9. The court finds absolutely no basis for Plaintiff's contention that the federal government might have interfered with his CM/ECF access, noting that difficulties and inconsistencies can be commonplace for all users. Although this court cannot directly assist Plaintiff with his use of CM/ECF, should he face any hardship outside of his control arising therefrom, the court will certainly consider his circumstances while setting deadlines and granting extensions, should Plaintiff require them.

Second, Plaintiff makes several references to alleged "*ex parte* communications" and "confidential channels." *See id*. at 6–10. The court makes clear that it has not had any *ex parte* communications with Defendant or its counsel.

Third, Plaintiff appears to reconsider his initial consent to Defendant's Motion for Extension of Time, *see id.* at 1, 4–6, 9, because, *inter alia*, he "was led to believe the extension was requested solely to gather information necessary to respond to the complaint, not to formulate defenses or delay proceedings[,]" *id.* at 4. But a defendant's response to a complaint, by definition, includes defenses, *see* Fed. R. Civ. P. 12(b), and moreover, as here, a "routine motion for an extension of a short duration," is ordinarily granted, *see Jordan v. Dep't of Labor*, 308 F. Supp. 3d 24, 37 (D.D.C. 2018), *aff'd*, No. 18-5128, 2018 WL 5819393 (D.C. Cir. Oct. 19, 2018), particularly when, as here, it is the party's first request to extend that given deadline. Insofar as Plaintiff asks this court to "independently analyze whether granting the extension risks prejudicial treatment to Plaintiff[,]" Resp. at 6, the court notes that it already made such an assessment at the time it granted the extension, but it makes clear that Defendant's 30-day extension by which to respond to Plaintiff's Complaint does not serve to prejudice him.

Finally, in his Response, plaintiff again requests appointment of counsel. *See id.* at 9–11. That request is denied without prejudice for the same reasons stated in the court's Order, ECF No. 8, dated November 4, 2024, as the circumstances have not changed. Furthermore, Plaintiff is reminded that requests for relief requiring court orders must be made by separate motion. *See* Fed. R. Civ. P. 7(b).

**SO ORDERED**.

Dated:   January 2, 2025

Amit P. Mehta
United States District Judge