UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTONIO GREGORY BROOKS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF THE ARMY,<br><br>　　　　Defendant. | Civil Action No. 24-2259 (APM) |

### DEFENDANT'S ANSWER

Defendant Department of the Army, by and through counsel, hereby answers Plaintiff's Complaint. All allegations in the Complaint, including the relief sought, are denied except when specifically admitted. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant respectfully refers this Court to those materials for a complete and accurate statement of their contents and denies any allegations inconsistent therewith; such references are not intended to be, and should not be construed as, an admission that the cited materials are (1) correctly cited or quoted by Plaintiff, (2) relevant to this, or any other, action, or (3) admissible in this, or any other, action.

In answer to the Complaint, Defendant admits, denies, or otherwise avers as follows:

### COMPLAINT AND REQUEST FOR INJUNCTION[1]

I.　　Defendant admits that Antonio Gregory Brooks is the Plaintiff in this case, and that the Department of the Army, Counterintelligence Command and Criminal Investigation Command, is the Defendant.

---

[1]　　The Complaint (ECF No. 1) consists of both a six-page template form ("Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction") and a five-page non-template submission titled

II.     Paragraph II sets forth Plaintiff's assertions of jurisdiction, and thus consists solely of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits the Court has subject-matter jurisdiction under the Privacy Act, 5 U.S.C. § 552a, subject to the limitation of that statute.

III.    Paragraph III consists of Plaintiff's characterization of this lawsuit and legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant admits that Plaintiff submitted a request for records under the Freedom of Information Act ("FOIA") and Privacy Act to the Department of the Army on approximately May 17, 2023, to which Defendant responded.

IV.     Paragraph IV consists solely of legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

V.      Paragraph V consists solely of Plaintiff's requested relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF[2]

1.   Paragraph 1 consists of Plaintiffs' characterization of this lawsuit, to which no response is required.

2.    Paragraph 2 consists of Plaintiffs' characterization of this lawsuit and legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

---

"Complaint for Declaratory and Injunctive Relief." Defendant answers both documents in the order they appear in ECF No. 1.

[2]    For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

## PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's citizenship and date of birth. The remainder of paragraph 3 consists solely of a legal conclusion, to which no response is required. To the extent that a response is deemed required, denied.

4. Defendant admits that it is a service component of the Department of Defense and an "agency" within the meaning of 5 U.S.C. §§ 551 and 552(f). Defendant further admits that its main office address is 1400 Defense Pentagon, Washington, D.C. 20301, and that the Army Counterintelligence Command and Army Criminal Investigation Command are subcomponents within the Department of the Army.

## JURISDICTION AND VENUE

5. Paragraph 5 sets forth Plaintiff's assertions of jurisdiction, and thus consists solely of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits the Court has subject-matter jurisdiction under FOIA, 5 U.S.C. § 552, and Privacy Act 5 U.S.C. § 552a, subject to the limitations of those statutes.

6. Defendant admits Washington, D.C. is a proper venue for this FOIA case.

## BACKGROUND

7. Defendant admits Plaintiff submitted a request for records under the FOIA and Privacy Act on approximately May 17, 2023. The remainder of paragraph 7 contains Plaintiff's characterization of his records request, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that request and denies any inconsistency therewith.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of paragraph 8, as it has been unable to locate any June 20, 2023, correspondence between Defendant and Plaintiff concerning his FOIA and Privacy Act request.

9. Defendant admits Plaintiff did not change his May 17, 2023, FOIA and Privacy Act request. The remainder of paragraph 9 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10, and therefore denies them.

11. Denied.

12. Denied.

13. Paragraph 13 consists solely of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

14. Admit.

15. Admit.

16. Admit.

17. Paragraph 17 consists solely of legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

18. Paragraph 18 consists solely of legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

19. Paragraph 19 consists solely of legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

20. Paragraph 20 consists solely of legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

## CAUSE OF ACTION

21. Defendant incorporates as though fully set forth herein its responses to paragraphs 1-20.

22. Paragraph 22 consists solely of legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

23. Defendant admits that more than 20 working days have passed since Plaintiff submitted a records request on approximately May 17, 2023. The remainder of paragraph 23 consists solely of legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

24. Paragraph 24 consists solely of legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

25. Paragraph 25 consists solely of legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

26. Denied.

27. Paragraph 26 consists solely of legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

28. Paragraph 28 consists solely of legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

29. Paragraph 29 consists solely of legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

## PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint, including paragraphs 30-33, contains Plaintiff's requested relief, to which no response is required. To the extent a response may be deemed

required, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses, contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of the litigation.

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized by statute under FOIA, 5 U.S.C. § 552.

### SECOND DEFENSE

The requested records are exempt or excluded, in full or in part, from disclosure.

### THIRD DEFENSE

Plaintiff's FOIA request is unduly burdensome.

### FOURTH DEFENSE

Plaintiff's FOIA request fails to reasonably describe the records sought.

### FIFTH DEFENSE

Plaintiff failed to exhaust his administrative remedies.

### SIXTH DEFENSE

Defendant reserves the right to raise any affirmative defense including, but not limited to, those expressly found in Federal Rule of Civil Procedure 8(c) that may be supported by the record in this civil action.

*  *  *

Dated: January 13, 2025
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:  _____/s/ *Alane E. Ballweg*_____
ALANE E. BALLWEG, VA Bar # 80102
Special Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2574
alane.ballweg@usdoj.gov

*Attorneys for the United States of America*